UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

RAMON A. AYALA

    Plaintiff,

v.

MIAMI CUBAN LINK JEWELRY INC., a Florida Profit
Corporation, MARK HAIMOV Individually, and
ROZA HAIMOV, individually,

    Defendant(s)
_____/

**COMPLAINT**

COMES NOW, the Plaintiff, RAMON A. AYALA, (hereinafter referred to as "Plaintiff"), on behalf of himself, by and through the undersigned counsel, files this Complaint against Defendants MIAMI CUBAN LINK JEWELRY INC., a Florida Profit Corporation, (hereinafter referred to as "MCL") MARK HAIMOV and ROZA HAIMOV collectively ("Defendants") and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in this District; Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the

acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. At all relevant times, Plaintiff is a resident of the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a polisher. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant MCL is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has its principal place of business in Hialeah, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. MCL is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, MCL is a jewelry retailer. Defendant, upon information and belief, purchases, sells and repairs precious stones and precious metals which are shipped nationwide.

10. At all times material to this Complaint, MCL has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved

2

in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. MCL upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendants, MARK HAIMOV and ROZA HAIMOV are corporate officers of, and exercised operational control over the activities of, corporate Defendant, MCL.

13. Defendant MARK HAIMOV acted directly in the interest of his company, MCL, as the president. Upon all available information, MARK HAIMOV controlled the manner in which Plaintiff performed his work and the pay he was to receive.

14. Defendant ROZA HAIMOV acted directly in the interest of her company, MCL, as the vice-president. Upon all available information, ROZA HAIMOV controlled the manner in which Plaintiff performed his work and the pay he was to receive.

15. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

16. Defendants were an "employer" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

17. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

18. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

19. Plaintiff worked for Defendants as a polisher from July 2020 through February 27, 2022. His primary duties were performing polishing of jewelry and was assigned tasks that required manual labor.

20. As a polisher, Plaintiff did not actually have any decision-making authority as he could not hire or fire employees, or otherwise make decisions which impacted the business.

21. During the course of his employment, Plaintiff worked between 50–60 hours per work week. Based on the information currently available to Plaintiff, he started off at an hourly rate of $10.00 and then his wages were increased to $12.00/hour and after April 2021- the end of his employment, Plaintiff received $13.00/hour. However, Plaintiff was not compensated "on the books" for any of his hours over 45 in a work week.

22. A review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that Plaintiff issued a payroll check to compensate him for 40 hours a week. Plaintiff was then given cash claiming to compensate him for his overtime worked in a particular week.

23. However, based on information and belief, that payment was not at a rate of time and one-half the applicable regular rate and did not compensate him for all overtime worked.

24. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

25. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

26. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

27. Furthermore, on at least 1 occasion, Plaintiff forgot to clock in and/or out for a particular day. Plaintiff notified the Defendants of his mistake. Defendants notified Plaintiff that he would not be compensated at all for the hours worked that day due to him missing a punch.

28. As a result, Plaintiff was not compensated for all hours worked in a particular workweek.

29. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### *Wage & Hour Federal Statutory Violation* against MCL

31. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from MCL unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Since the commencement of Plaintiff's employment, MCL has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

34. Specifically, Plaintiff worked between 40-50 hours during each work week in which he was

5

employed but he was not compensated at time and a half for all the hours worked over forty (40) hours.

35. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. MCL is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). MCL's business activities involve those to which the Fair Labor Standards Act applies.

37. The Plaintiff's work for MCL likewise affects interstate commerce.

38. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a).

39. MCL has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

40. By reason of the said intentional, willful and unlawful acts of MCL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

42. MCL never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

43. As a result of MCL's willful violations of the Act, Plaintiff is entitled to liquidated damages.

44. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from MCL.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MCL:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Wage & Hour Federal Statutory Violation* **against MARK HAIMOV**

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

46. At the times mentioned, Defendant MARK HAIMOV was, and is now, a corporate officer of corporate Defendant, MCL.

47. Defendant MARK HAIMOV was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that SARAVIA acted directly in the interests of MCL in relation its employees including Plaintiff.

48. Specifically, MARK HAIMOV supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

49. Defendant MARK HAIMOV had operational control of the business and is thus jointly liable for Plaintiff's damages.

50. Defendant MARK HAIMOV willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against MARK HAIMOV:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Wage & Hour Federal Statutory Violation* against ROZA HAIMOV

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

52. At the times mentioned, Defendant ROZA HAIMOV was, and is now, a corporate officer of corporate Defendant, MCL.

53. Defendant ROZA HAIMOV was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that SARAVIA acted directly in the interests of MCL in relation its employees including Plaintiff.

54. Specifically, ROZA HAIMOV determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

55. Defendant ROZA HAIMOV had operational control of the business and is thus jointly liable for Plaintiff's damages.

56. Defendant ROZA HAIMOV willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against ROZA HAIMOV:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**SPACE INTENTIONALLY LEFT BLANK**

## DEMAND FOR JURY TRIAL

Plaintiff, RAMON A. AYALA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 7, 2022

**PEREGONZA THE ATTORNEYS, PLLC**

5201 Blue Lagoon Drive
Suite 290
Miami FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com